THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for Kim R. Blackseth

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM R. BLACKSETH, | Case No. C 07 4815 WHA |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| v. | March 6, 2008<br>11:00 a.m. |
| COMMODORE CRUISES & EVENTS, INC., | Courtroom 9; 19th Floor; SF |
| Defendant._____/ | |

**The parties to the above-entitled action jointly submit this Case Management Statement:**

**1. Jurisdiction and Service:**

*Jurisdiction*: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 54, 54.1 and 55. *Venue*: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced the alleged

discrimination is located in this district and that Plaintiff's alleged causes of action arose in this district. No issues exist regarding personal jurisdiction.

All defendants have been served, and will have Answered by the date of this Conference.

**2. Facts:**

This is a disability access case brought pursuant to the ADA and California law. Plaintiff alleges that he is disabled. Defendant owns and operates a bay cruise business in Alameda. Plaintiff alleges that on June 30, 2007, he patronized the business and encountered barriers to the disabled. Plaintiff seeks an injunction, damages and attorneys' fees.

**3. Legal Issues:**

Whether the business has barriers which are readily achievable to remove; whether the business is in violation of ADAAG or California's Title 24 because of the dates of original construction and alterations (if any); the nature and extent of any damages (if any) suffered by Plaintiff and; whether Plaintiff is entitled to, and the reasonable amount of, Plaintiff's attorneys' fees and costs.

**4. Motions:**

No Motions have been made or are pending. No Motions are currently anticipated.

**5. Amendment of Pleadings:**

No amendments to the pleadings are currently anticipated.

**6. Evidence Preservation:**

No steps have been taken to preserve any paper or electronic evidence. No such steps are thought to be needed.

**7. Disclosures:**

The parties will make their Initial Disclosures by March 31, 2008.

**8. Discovery:**

Discovery taken to date is as follows: None.

The scope of anticipated discovery is as follows: Depositions, Interrogatories, Requests for Documents and a site Inspection.

No limitations or modifications of the discovery rules are requested.

The parties' proposed discovery plan pursuant to Fed. R. Civ. P.26(f) is as follows:

(1) No changes to the timing, form, or requirement for disclosures under Rule 26(a) or local rule are requested. The parties have made/will make their Initial Disclosures as indicated in paragraph 7, above;

(2) (a)  Plaintiff will seek to discover the ownership of the property, the construction history, a detailed survey of the property by Plaintiff's Expert and, if Defendant asserts the defense that the modifications requested by Plaintiff are unduly expensive, Defendant's income from the property.

(b) Defendant will seek to discover Plaintiff's physical condition, facts regarding Plaintiff's alleged patronage of the business, Plaintiff's damages, if any, and the opinions of Plaintiff's Expert.

(3) The parties do not seek any changes to the limitations on discovery imposed under the FRCP or Local Rules.

(4) The parties do not request any other orders, whether under Rule 26(c) or under Rule 16(b) and (c).

9. **Class Action:**

   This is not a class action.

10. **Related Cases:**

    There are no cases which are "related" to this one.

11. **Relief:**

    Based on Federal and State law, Plaintiff seeks an injunction and attorneys' fees. Based on State Statutes, Plaintiff seeks actual and statutory damages.

12. **Settlement and ADR:**

    The prospects of settlement are excellent. No ADR has occurred. However, the Parties request a Settlement Conference with a Magistrate Judge. No further discovery is needed to position the parties for settlement.

13. **Consent to Magistrate Judge For All Purposes:**

    The Parties do not consent to the jurisdiction of a Magistrate Judge.

14. **Other References:**

    No other references are appropriate.

15. **Narrowing of Issues:**

    No narrowing of issues is presently appropriate.

16. **Expedited Schedule:**

    This case is appropriate for an expedited schedule.

17. **Scheduling:**

    The Parties propose as follows:

    Designation of Experts: November 1, 2008

    Discovery cutoff: January 1, 2009

    Hearing of dispositive motions: February 1, 2009

    Pretrial conference:   March 2009

    Trial: May 2009

**18. Trial:**

Non-jury trial, with expected length of three days.

**19. Disclosure of Non-party Interested Entities or Persons:**

Each party has filed the required "Certification of Interested Entities or Persons" as is required by Civil Local Rule 3-16.

The substance of Plaintiff's Certification states that there are no Interested Entities or Persons.

The substance of Defendant's Certification states that there are no Interested Entities or Persons.

**20. Such other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter:**

None.

| | |
|---|---|
| Date: February 26, 2008 | S/Thomas N. Stewart, III, <br> Attorney for Plaintiff |
| Date:  February 26, 2008 | S/Leopoldo J. Chanco, <br> Attorney for Defendant |