1 **JEDEIKIN, SPAULDING, MEADOWS & SCHNEIDER**
JOHN F. MEADOWS, State Bar No. 023050
2 LEOPOLDO J. CHANCO, State Bar No. 136083
3 333 Pine Street, 5th Floor
San Francisco, CA 94104
4 Telephone: (415) 781-7050
Facsimile: (415) 421-5658
5
6 Attorneys for Defendant
COMMODORE CRUISES & EVENTS, INC.
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10

11 KIM R. BLACKSETH,                          No. C 07 4815 WHA

12              Plaintiff,                    **ANSWER OF DEFENDANT COMMODORE CRUISES &**
13 vs.                                        **EVENTS, INC. TO PLAINTIFF'S COMPLAINT**
14
COMMODORE CRUISES & EVENTS,
15 INC.,
                Defendant.
16
17  _____/

18     Defendant COMMODORE CRUISES & EVENTS, INC. ["COMMODORE"] files this

19 Answer to the unverified Complaint of plaintiffs and admits, denies and alleges as follows:

20     1.    In response to paragraph 1 of the Complaint, COMMODORE admits the

21 allegations contained in paragraph 1.

22     2.    In response to paragraph 2 of the Complaint, COMMODORE admits the

23 allegations contained in paragraph 2.

24     3.    In response to paragraph 3 of the Complaint, the allegations contained therein

25 constitute legal arguments and conclusions for which no response is necessary. To the extent

26 that any facts are alleged in paragraph 3, COMMODORE specifically denies such allegations.

27     4.    In response to paragraph 4 of the Complaint, COMMODORE admits that this

28 Court has jurisdiction over cases alleging violations of 42 U.S.C. Sections 12101, *et seq.* and

1  supplemental jurisdiction over cases alleging violations of California Civil Code § § 51, 54, 54.1
2  and 55.
3     5.   In responding to paragraph 5 of the Complaint, COMMODORE admits that venue
4  is proper in this Court.
5     6.   In responding to paragraph 6 of the Complaint, COMMODORE admits the
6  allegations contained therein.
7     7.   In responding to paragraph 7 of the Complaint, the allegations contained therein
8  constitute legal arguments and conclusions for which no response is necessary.  To the extent
9  that any facts are alleged in paragraph 10, COMMODORE specifically denies such allegations.
10    8.   In responding to paragraph 8 of the Complaint, COMMODORE is unable to
11 understand the allegations thereof and denies any allegations contained therein.
12    9.   In responding to paragraph 9 of the Complaint, COMMODORE admits that it
13 owns and operates the cruise company at issue.  All the remaining allegations are specifically
14 denied.
15    10.  In response to paragraph 10 of the Complaint, the allegations contained therein
16 constitute legal arguments and conclusions for which no response is necessary.  To the extent
17 that any facts are alleged in paragraph 10, COMMODORE specifically denies such allegations.
18    11.  In response to paragraph 11 of the Complaint, the allegations contained therein
19 constitute legal arguments and conclusions for which no response is necessary.  To the extent
20 that any facts are alleged in paragraph 11, COMMODORE specifically denies such allegations.
21    12.  In response to paragraph 12 of the Complaint, the allegations contained therein
22 constitute legal arguments and conclusions for which no response is necessary.  To the extent
23 that any facts are alleged in paragraph 12, COMMODORE specifically denies such allegations.
24    13.  In response to paragraph 13 of the Complaint, COMMODORE admits that its
25 employees offered to assist plaintiff in boarding its yacht, but plaintiff declined without any
26 complaint or comment.  All of the remaining allegations contained in paragraph 13 are
27 specifically denied.
28    14.  In response to paragraph 14 of the Complaint, COMMODORE denies that it

violated plaintiff's rights in any manner. The balance of the allegations contained therein constitutes legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 14, COMMODORE specifically denies such allegations.

15. In response to paragraph 14 of the Complaint, COMMODORE denies, based upon lack of information and belief, that plaintiff lives in Oakland. The balance of the allegations contained therein constitutes legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 14, COMMODORE specifically denies such allegations.

16. In response to paragraph 16 of the Complaint, the allegations contained therein constitute legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 16, COMMODORE specifically denies such allegations.

17. In response to paragraph 17 of the Complaint, the allegations contained therein constitute legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 17, COMMODORE specifically denies such allegations.

18. In response to paragraph 18 of the Complaint, the allegations contained therein constitute legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 18, COMMODORE specifically denies such allegations.

19. In responding to the allegations contained in paragraph 19 of the Complaint, COMMODORE incorporates by reference as though fully set forth herein, all of its responses to paragraphs 1 – 18 of this Answer.

20. In response to paragraph 20 of the Complaint, the allegations contained therein constitute legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 20, COMMODORE specifically denies such allegations.

21. In response to paragraph 21 of the Complaint, the allegations contained therein constitute legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 21, COMMODORE specifically denies such allegations.

22. In response to paragraph 22 of the Complaint, the allegations contained therein constitute legal arguments and conclusions for which no response is necessary. To the extent

that any facts are alleged in paragraph 22, COMMODORE specifically denies such allegations.

23. In response to paragraph 23 of the Complaint, the allegations contained therein constitute legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 23, COMMODORE specifically denies such allegations.

24. In response to paragraph 24 of the Complaint, COMMODORE denies that it violated plaintiff's rights in any manner. The balance of the allegations contained therein constitutes legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 24, COMMODORE specifically denies such allegations.

25. In response to paragraph 25 of the Complaint, the allegations contained therein constitute legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 25, COMMODORE specifically denies such allegations.

26. In response to paragraph 26 of the Complaint, COMMODORE denies that it violated plaintiff's rights in any manner. The balance of the allegations contained therein constitutes legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 26, COMMODORE specifically denies such allegations.

27. In response to paragraph 27 of the Complaint, COMMODORE denies that it violated plaintiff's rights in any manner. The balance of the allegations contained therein constitutes legal arguments and conclusions for which no response is necessary. To the extent that any facts are alleged in paragraph 27, COMMODORE specifically denies such allegations.

28. Except as specifically admitted herein, this answering defendant denies the balance of the allegations contained within the Complaint that were not otherwise specifically denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. Neither the Complaint, nor any purported claim for relief alleged in the Complaint, states a claim upon which relief can be granted.

///

**SECOND AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. Neither the Complaint, nor any purported claim for relief alleged in the Complaint, states a claim upon which relief can be granted as to COMMODORE's sales office or any specific yacht owned or operated by COMMODORE.

**THIRD AFFIRMATIVE DEFENSE**

(No Statutory Obligation)

2. This answering defendant is excused from making any of the architectural changes sought in the Complaint because the statutes in question excuse their performance under the circumstances.

**FOURTH AFFIRMATIVE DEFENSE**

(No Standing)

3. Plaintiff lacks standing to seek the relief prayed for in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

(No Relief Available Under Civil Code Section 51)

4. Plaintiff cannot recover any of the relief sought under his First Claim for Relief because Section 51 of the Civil Code expressly excludes from its coverage any and all architectural barrier discrimination.

**SIXTH AFFIRMATIVE DEFENSE**

5. This answering defendant denies the existence of any architectural barriers on the cruise ship at issue but, if any such barriers do exist, their removal is not readily achievable.

**SEVENTH AFFIRMATIVE DEFENSE**

6. There have been no repairs, modifications, alterations, new construction and the like which would trigger compliance with either the requirements of the ADA or any of the other statutes of which plaintiff alleges violation.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

7. Plaintiff should be barred from recovering monetary damages in total, or, in the

alternative, to the extent he has failed to mitigate his alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

(No proximate cause)

8. Any acts or omissions to act by this answering defendant were not the proximate cause of any damages allegedly incurred by plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

9. The Complaint, and each alleged claim contained within the Complaint, is barred by the doctrine of unclean hands by reason of plaintiff's conduct and actions.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Plaintiff's' Own Acts and Omissions)

10. Plaintiff's conduct concerning the matters alleged in the Complaint constitute carelessness, negligence, misconduct or bad faith of plaintiff, who was otherwise at fault, and the resulting injuries, if any, sustained by plaintiffs were proximately caused and contributed to, in whole or in part, by the conduct of plaintiff.

**TWELVETH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

11. In acting in the manner that he did, plaintiff unnecessarily assumed the risk that he would suffer the alleged damages, if any there were, sought in this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Acts of Third Parties)

12. The Complaint and each alleged claim therein is barred in whole or in part because plaintiff's damages, if any there were, were caused by third parties acting outside the scope of agency, employment or control of this answering defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Punitive Damages)

13. Plaintiffs are barred from any recovery of punitive damages in this action as such damages are unavailable for the statutory violations alleged herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

14. While the ADA governs cruise ships, neither the Department of Transportation nor the Department of Justice has issued regulatory guidelines regarding both new construction and barrier removal.

**WHEREFORE**, this answering defendant prays for damages as follows:

1. That plaintiff takes nothing by virtue of his Complaint and that judgment be entered in favor of COMMODORE CRUISES & EVENTS, INC.

2. That COMMODORE CRUISES & EVENTS, INC. be awarded its costs of suit and attorneys' fees incurred in the defense of this action, and

3. For such other and further relief as this Court deems just and proper.

Dated: March 4, 2008                JEDEIKIN, SPAULDING, MEADOWS & SCHNEIDER


/s/ Leopoldo J. Chanco
_____
John F. Meadows
Leopoldo J. Chanco
Attorneys for Defendant
COMMODORE CRUISES & EVENTS, INC.